**John A. DeSALVO, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE,
Defendant–Appellee.**

No. 85–2596.

United States Court of Appeals,
Tenth Circuit.

Nov. 22, 1988.

John A. DeSalvo, pro se.

William S. Rose, Jr., and Roger M. Olsen, Asst. Attys. Gen., Gary R. Allen, Jonathan S. Cohen, Michael L. Paup, Gayle P. Miller, and Steven W. Parks, Attys., Tax Div., Dept. of Justice, and Tony M. Graham, U.S. Atty., of counsel, for defendant-appellee.

Before LOGAN and TACHA, Circuit Judges, and O'CONNOR, District Judge.*

TACHA, Circuit Judge.

This is an appeal from the denial of the plaintiff's request to the Internal Revenue Service (IRS) for documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The issue on appeal is whether I.R.C. § 6103 exclusively governs the agency's duty to disclose "return information," as defined in I.R.C. § 6103(b)(2), thereby precluding application of the FOIA. We hold that it does not, and affirm in part, reverse in part, and remand.[1]

John DeSalvo (the plaintiff) is the subject of a federal tax investigation. Pursuant to the FOIA, the plaintiff requested from the IRS "all records maintained by [the IRS] pertaining to me ... or whose caption includes my name ... from 1979 to the present." The plaintiff also requested the "names of all third parties whose tax returns and/or tax return information is contained in my file." The IRS turned over some documents but refused the plaintiff's request for others on the primary ground that they constituted "return information" as defined in I.R.C. § 6103(b)(2) and their release would "seriously impair Federal tax administration" contrary to I.R.C. § 6103(c), (e)(7). Alternatively, the IRS contended that the disputed documents were exempt from disclosure under FOIA provisions, 5 U.S.C. § 552(b)(3), (5), (7). After the plaintiff followed proper administrative channels without success, he commenced suit in district court to compel release of the disputed documents under the FOIA.

The district court held that the FOIA did not apply to the plaintiff's request because I.R.C. § 6103 "is the sole standard governing the disclosure or non-disclosure of tax return information notwithstanding the [FOIA]." Accordingly, the court rejected the plaintiff's claim that de novo review of the agency decision was required under the FOIA, 5 U.S.C. § 552(a)(4)(B). Instead, the court followed the rationale of *Zale Corp. v. United States IRS*, 481 F.Supp. 486 (D.D.C.1979), and limited its review to determining whether the agency had abused its discretion in determining that release of the documents would "seriously impair Federal tax administration" under section 6103.[2] The district court held that "the IRS' decision to withhold the documents was rational and has support in the record and therefore was not an arbitrary or unconscionable abuse of discretion." Accordingly, the court granted summary judgment in favor of the IRS. The plaintiff appeals this determination.

This case presents an issue of first impression in this circuit—whether I.R.C. § 6103 exclusively governs the IRS' duty to disclose "return information," thereby precluding application of the FOIA, or whether section 6103 is merely an exempting statute that furnishes the substantive criteria for disclosure under the FOIA provision, 5 U.S.C. § 552(b)(3), but which nevertheless subjects the agency determination to review as provided in the FOIA, 5 U.S.C. § 552(a)(4)(B). The scope of review of the agency determination is central to this issue. *Id.*

The principal consequence of finding that section 6103, rather than FOIA, is the applicable provision covering disclosure is the greater deference under section 6103 accorded an IRS decision not to disclose information. Under FOIA, a court reviewing an agency decision not to

---

* Honorable Earl E. O'Connor, Chief Judge of the United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.8. The cause is therefore ordered submitted without oral argument.

2. *Zale* held that the Administrative Procedure Act, 5 U.S.C. §§ 701–706, controls the judicial assessment of the IRS' action in withholding documents under I.R.C. § 6103. *Zale*, 481 F.Supp. at 490. Section 706 provides the standard utilized by the lower court in this case: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

disclose must conduct a de novo review and the agency must bear the burden to justify nondisclosure under one of the statutory exemptions. *See* 5 U.S.C. § 552(a)(4)(B). If section 6103 preempts FOIA, then the provisions of the Administrative Procedure Act govern, and court review is limited to determining if the agency decision not to disclose was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

*Grasso v. IRS*, 785 F.2d 70, 73 (3d Cir. 1986); *accord Linsteadt v. IRS*, 729 F.2d 998, 999 (5th Cir.1984); *King v. IRS*, 688 F.2d 488, 495 (7th Cir.1982).

Other circuits are divided on the issue of whether the release of return information is governed by the FOIA or exclusively by section 6103. The Seventh Circuit has held that section 6103 applies exclusively. *King v. IRS*, 688 F.2d at 495. The Third, Fifth, Ninth, Eleventh, and District of Columbia Circuits have held that section 6103 applies as an exempting statute under the FOIA, thereby subjecting the IRS' decision to de novo review. *Grasso v. IRS*, 785 F.2d at 74–75; *Linsteadt v. IRS*, 729 F.2d at 1001–02; *Long v. United States IRS*, 742 F.2d 1173, 1177–78 (9th Cir.1984); *Currie v. IRS*, 704 F.2d 523, 526–27 (11th Cir.1983); *Church of Scientology v. IRS*, 792 F.2d 146, 150 (D.C.Cir.1986), *en banc review of separate issue*, 792 F.2d 153 (D.C.Cir.), *aff'd.*, —— U.S. ——, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987).[3] The Eighth Circuit has noted that it was "inclined to agree" that section 6103 is covered by FOIA exemption 3. *Barney v. IRS*, 618 F.2d 1268, 1274 n. 15 (8th Cir.1980). The Second and Fourth Circuits have applied the FOIA without deciding whether section 6103 precluded them from doing so. *Kuzma v.*

*IRS*, 775 F.2d 66 (2d Cir.1985); *Willard v. IRS*, 776 F.2d 100, 101 n. 1 (4th Cir.1985). The Sixth Circuit has applied both statutes, albeit with the suggestion that it was "disposed to affirm on the basis" that section 6103 exclusively governed the case. *White v. IRS*, 707 F.2d 897, 900 (6th Cir.1983).

The IRS relies heavily on *Zale Corp. v. United States IRS*, 481 F.Supp. 486, in arguing that section 6103 provides the exclusive standard for disclosure of "return information." The *Zale* court held that section 6103, as a detailed statute governing the confidentiality of tax return information enacted subsequent to the FOIA, preempted the FOIA's general rules governing the release of information to the public. *See id.* at 489.

[T]he secrecy of tax returns and related information has long been favored in practice, and it is not surprising that Congress would seek to carve out a special protection for this unique and highly sensitive type of information. This express purpose stands in sharp contrast to FOIA's stated preference for disclosure to the general public.

In addition, the structure of section 6103 is replete with elaborate detail, identifying the discrete groups to whom disclosure of certain specified types of information is permissible. In this respect it differs markedly from the structure of FOIA, which calls for the release of information to the public at large with no showing of need required. Despite ample indication in the legislative history that Congress was aware of FOIA while it labored over the tax reform legislation, there is no evidence of an intention to allow that Act to negate, supersede, or otherwise frustrate the clear purpose

---

**3.** This case has an unusual procedural history. Following briefing and oral argument before a three-judge panel of the D.C. Circuit, the circuit court sua sponte undertook en banc review of the meaning of the Haskell amendment and its relationship to § 6103(b)(2). *See Church of Scientology v. IRS*, —— U.S. ——, 108 S.Ct. 271, 273, 98 L.Ed.2d 228 (1987). The en banc court left the application of its holding to the facts of the case, as well as the remaining issues presented on appeal, to the disposition of the three-judge panel. The opinion of the panel was

issued simultaneously with the en banc opinion. *See Church of Scientology v. IRS*, 792 F.2d 153, 163 (D.C.Cir.1986), *aff'd.*, —— U.S. ——, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987). Certiorari was granted by the U.S. Supreme Court on the en banc decision of the circuit. *Church of Scientology v. IRS*, 479 U.S. 1063, 107 S.Ct. 947, 93 L.Ed.2d 996 (1987) (mem.). The en banc decision was then affirmed. *Church of Scientology v. IRS*, —— U.S. ——, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987).

and structure of § 6103. For a court to decide that the generalized strictures of FOIA take precedence over this subsequently enacted, particularized disclosure scheme would in effect render the tax reform provision an exercise in legislative futility. Absent an indication that Congress so intended, this Court will not imply such a prospective pre-emption by FOIA.

*Id.*

The *Zale* court essentially placed the burden upon Congress to clearly indicate within section 6103 that it intended the FOIA to apply in lieu of the otherwise applicable review criteria of the Administrative Procedure Act. *See id.* at 489–90. "If Congress meant something more or different from what it stated in § 6103, it must make this meaning known. It has not done so and accordingly the section must be viewed as the sole standard governing the release of tax return information." *Id.* at 490.

The *Zale* court's analysis fails to recognize that the FOIA and section 6103 are capable of coexistence.

> The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, *absent a clearly expressed congressional intention to the contrary,* to regard each as effective. "When there are two acts upon the same subject, the rule is to give effect to both if possible.... The intention of the legislature to repeal 'must be clear and manifest.'"
> *United States v. Borden Co.,* 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939).

*Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974) (emphasis added). *Zale* has effectively inverted this axiom of statutory construction by requiring an affirmative statement that both statutes apply. By refusing to give effect to a prior statute capable of coexisting with a subsequent statute, unless Congress clearly indicates that both statutes apply, the *Zale* court abdicated its responsibility to give effect to all congressional statutes whenever possible.

The Court of Appeals for the District of Columbia Circuit, in *Church of Scientology,* similarly rejected the reasoning of *Zale* and held that the FOIA governed the release of tax return information. The District of Columbia Circuit reasoned that the

> FOIA is a structural statute, designed to apply across-the-board to many substantive programs; it explicitly accommodates other laws by excluding from its disclosure requirements documents "specifically exempted from disclosure" by other statutes, 5 U.S.C. § 552(b)(3); and it is subject to the provision ... that a "[s]ubsequent statute may not be held to supersede or modify this subchapter ... except to the extent that it does so expressly." 5 U.S.C. § 559.

*Church of Scientology,* 792 F.2d at 149 (footnote omitted). Section 6103 does not contain such express superseding language, and the court therefore concluded that it would be unreasonable to assume that section 6103 would *"sub silentio"* repeal the FOIA. *Id.* The court further noted that section 6110, enacted at the same time as section 6103, "specifies that the prescribed civil remedy in the Claims Court shall be the *exclusive* means of obtaining disclosure, § 6110(*l*)." *Id.* (emphasis added). Congress' simultaneous enactment of sections 6103 and 6110 subsequent to enacting the FOIA therefore implies that Congress was aware of the FOIA implications, was capable of making alternative provisions for review, and chose not to do so in the case of section 6103. *See id.; see also Grasso,* 785 F.2d at 75; *Long,* 742 F.2d at 1178.

In *Church of Scientology,* the court saw no problem in reconciling section 6103 and the FOIA.

> The two statutes seem to us entirely harmonious; indeed, they seem to us quite literally made for each other: Section 6103 prohibits the disclosure of certain IRS information ... and FOIA, which requires all agencies, including the IRS, to provide nonexempt information to the public, established the procedures the IRS must follow in asserting the § 6103 ... exemption.

*Church of Scientology,* 792 F.2d at 149. We agree. We hold that section 6103 applies as an exempting statute under the FOIA and provides the substantive criteria regarding the disclosure of "return information." The FOIA complements section 6103 by providing the procedures that must be followed in reviewing the agency's determination.

The FOIA's general policy of disclosure contains an exemption for information that is "specifically exempted from disclosure by statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, *or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.*" 5 U.S.C. § 552(b)(3) ("exemption 3") (emphasis added). Section 6103(a) provides the general rule that "[r]eturns and return information shall be confidential." Section 6103 also permits "returns" and "return information" relating to a specific taxpayer to be disclosed to that taxpayer or certain other persons authorized in the Code unless such disclosure "would seriously impair Federal tax administration." I.R.C. § 6103(c), (e)(7). Section 6103(b) has defined "returns," "return information," and "tax administration" with sufficient particularity to determine the types of matters to be withheld. Furthermore, section 6103 has established the particular criteria for withholding information: the Secretary "shall not" disclose "if the Secretary determines that such disclosure would *seriously impair Federal tax administration.*" I.R.C. § 6103(c) (emphasis added); *see id.* § 6103(e)(7). Because section 6103 both establishes criteria for withholding information and refers to particular types of mat-

ters to be withheld, it satisfies the requirements of section 552(b)(3)(B).[4] *See Linsteadt,* 729 F.2d at 1001. Section 6103 therefore qualifies as an "exempting statute" under exemption 3 of the FOIA. *Osborn v. IRS,* 754 F.2d 195, 196 (6th Cir. 1985); *Long,* 742 F.2d at 1178; *Linsteadt,* 729 F.2d at 1003.[5]

Although exemption 3 incorporates the substantive criteria of section 6103, the FOIA requires a de novo review by the district court to determine whether those criteria have been met. 5 U.S.C. § 552(a)(4)(B); *see also Grasso,* 785 F.2d at 73; *Long,* 742 F.2d at 1178 n. 12; *Linsteadt,* 729 F.2d at 999. The agency bears the burden of proof. 5 U.S.C. § 552(a)(4)(B).

In this case, the district court erred in refusing to conduct a de novo review of whether the information requested by plaintiff is within the scope of the FOIA exemptions. Although the district court correctly put the burden of proof upon the IRS, that burden was directed at showing that the agency determinations were "not arbitrary or an unconscionable abuse of discretion" or that "the Secretary has made a good faith determination that disclosure would not seriously impair Federal tax administration." This falls short of a requirement that the court independently decide whether the documents in question satisfy the terms of the exemption. *See Long,* 742 F.2d at 1180.

 The IRS argues that even if the FOIA does apply to the plaintiff's request for information, this court has sufficient information before it to make a de novo determination that this information is exempt as a matter of law. When the validi-

---

**4.** To the extent that the person requesting information is not authorized to obtain the return information of another taxpayer under one of the exempting provisions of section 6103, section 6103(a)'s general prohibition on disclosure may also be viewed as an exempting statute under FOIA section 552(b)(3)(A). *See Fruehauf Corp. v. IRS,* 566 F.2d 574, 578 n. 6 (6th Cir. 1977). We note that exemption 3 states its requirements (A) and (B) in the alternative, so both need not be satisfied.

**5.** The FOIA under certain conditions also exempts "records or information compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7) ("exemption 7"), as well as "inter-agency or intra-agency memorandums or letters," 5 U.S.C. § 552(b)(5) ("exemption 5"). Because we do not review the specific documents requested here, we do not decide whether these exemptions are applicable in this case. In any event, de novo review under the FOIA would be required.

ty of the Secretary's decision to withhold information is in dispute, the FOIA requires that the *district court* review the decision de novo. We decline to conduct such a review in the first instance. *See Department of the Air Force v. Rose*, 425 U.S. 352, 379–80, 96 S.Ct. 1592, 1607–08, 48 L.Ed.2d 11 (1976) (In FOIA case in which no court had yet seen contested information, "the Court of Appeals was correct ... in holding that the function of examination must be discharged in the first instance by the District Court"). We therefore remand for a de novo review of the agency's decision to withhold documents containing the plaintiff's own return information. Upon remand, the district court should require the IRS to provide sufficient information to allow the court to determine independently whether the documents contain "return information," and, if so, whether the release of such information will "seriously impair Federal tax administration" and thereby fall within FOIA exemption 3. *See generally Lewis v. IRS*, 823 F.2d 375 (9th Cir. 1987); *Long*, 742 F.2d at 1182–83; *Barney*, 618 F.2d at 1272–73.[6]

■ In addition to return information concerning his own taxes, however, the plaintiff also sought to obtain the "names of all third parties whose tax returns and/or tax return information is contained in [his] file." Section 6103(a) makes clear the general rule that tax returns and return information are confidential. Individuals are therefore not entitled to the tax returns or return information of others unless a specific exception within the statute applies. "[A] taxpayer's identity" is unambiguously within the scope of "return information" defined in section 6103(b)(2)(A).

No exceptions appear to be applicable on the basis of the record, and therefore this information cannot be disclosed. As to this request, we agree with the IRS that summary judgment was appropriate, as this agency determination would be upheld under any standard of review. Accordingly, we affirm the summary judgment in favor of the defendant as to this portion of the plaintiff's request.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in part and REVERSED in part, and this case is REMANDED to the district court for further proceedings consistent with this opinion.

---

6. In this case, the district court has already conducted an in camera investigation regarding the disputed documents. The district court ordered states, "the Court ordered a *Vaughn* index, to be submitted in camera, or documentation which would support a finding by this Court that preparation of a *Vaughn* index is not necessary." In response to the court's order, the defendant submitted two detailed affidavits that together "identified each document, described the kind of information found in each document and gave the reasons why each document is being withheld from plaintiff." By requiring the district court on remand to conduct a de novo review of the IRS determination, we do not necessarily require a new hearing. *See Johnson v. Rodgers*, 756 F.2d 79, 81 (10th Cir. 1985) (district court not required to conduct new hearing when making de novo determination regarding magistrate's findings). The FOIA allows the district court flexibility in utilizing in camera review of the disputed documents, indexing, oral testimony, detailed affidavits, or alternative procedures to determine whether a sufficient factual basis exists for evaluating the correctness of the IRS determination in each case. *See Currie*, 704 F.2d at 530; *Stephenson v. IRS*, 629 F.2d 1140, 1144–45 (5th Cir.1980).