PAUL KELLY, JR., Circuit Judge,
dissenting.
The court’s opinion allows the IRS to reject a FOIA request without first conducting a search for the requested records.
*1197 Because I believe the IRS had a duty to search for the requested records before rejecting the request, I respectfully dissent.
The court adopts the IRS’s position that Plaintiffs, under Treasury regulations and FOIA, were required to obtain US West Pension Plan’s (“Plan”) consent before the IRS could begin processing the request. This is because Plaintiffs sought the Plan’s “return information.” Indeed, the Treasury regulations require a requester to obtain third party consent before the IRS can process a request for third party return information. See Treas. Reg. § 601.702(c)(4)(i)(E), (c)(5)(iii)(C); id. at 601.702(c)(4)(i). But based upon general FOIA principles, I do not think that we can accept the IRS’s blanket assertion, without having conducted a search, that Plaintiffs’ request necessarily seeks only return information.
FOIA generally requires federal agencies to disclose agency records to the public upon request, subject to nine exemptions. Stewart v. U.S. Dep’t of Interior, 554 F.3d 1236, 1239 (10th Cir.2009). Exemption 3 protects from disclosure records exempted by certain statutes. 5 U.S.C. § 552(b)(3). Section 6103 of the Internal Revenue Code — which provides that “return information” shall be confidential— qualifies as an Exemption 3 statute. See DeSalvo v. IRS, 861 F.2d 1217, 1220-21 (10th Cir.1988). The IRS can disclose return information if the party whose return information is sought consents to the disclosure. I.R.C. § 6103(c).
Thus, pursuant to Exemption 3, absent the Plan’s consent, the IRS need not turn over any of the Plaintiffs’ requested records if the IRS can establish that the request seeks only the Plan’s “return information.” But courts require agencies to conduct a search before claiming an exemption. As the D.C. Circuit recently noted, “[t]o prevail on summary judgment, [an] agency must show beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents. Even if the protected records could be withheld under one of the FOIA exemptions, that does not absolve the agency of its duty to identify responsive documents, claim the relevant exemptions, and explain its reasoning for withholding the documents in its affidavit.” Elliott v. U.S. Dep’t of Agriculture, 596 F.3d 842, 851 (D.C.Cir.2010) (quotation marks, alterations, and ’ citations omitted). To allow the IRS to claim that a FOIA request does not comply with its regulations, thus precluding any duty to search, obviates the requirement of a search under FOIA.
What’s more, I cannot agree that the IRS has established that Plaintiffs’ request, on its face, seeks only return information. Two of the IRS employees who reviewed the request merely stated in their affidavits that the request “did not seem to be a proper, valid FOIA request because the request sought a third party’s return information but lacked authorization from [the third party].” Aplt.App. 175, 198. A third employee summarily stated that after reviewing the request, she “realized that the requests sought a third party’s return information.” Id. at 182. The IRS should not be able to leap to a legal conclusion on this general request[14] without first searching the requested records and determining the factual basis for such a conclusion. In some instances, as the court notes, the IRS may be able to determine that a request seeks return information on its face, see, e.g., Ct. Op. at 1193-94 n. 11 (request for “Jane *1198 Doe’s return information ”); DeSalvo, 861 F.2d at 1222 (request for “names of all third parties whose ... return information is contained” in a file (emphasis added)), but this is not such a case.
The court also accepts the IRS’s argument that conducting a search would be tantamount to disclosing return information. I disagree. As an initial matter, the IRS did not raise this argument in its brief before this court, but rather made the argument for the first time at oral argument. We generally do not consider such arguments. See Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1235 n. 8 (10th Cir.2009). Regardless, I do not see why the IRS would be prohibited from conducting a search, and then explaining, without confirming the existence or disclosing the contents of the requested records, that the requested information is return information — much like it already has. Perhaps the Plaintiffs might not be able to challenge such a decision (if, after a search, the IRS determined that the request sought only return information) in any greater depth than done here. But we would at least know, as did one district court, that the IRS had fulfilled its obligation to conduct a search before determining whether any records responsive to the request constituted return information. See Church of Scientology of Tex. v. IRS, 816 F.Supp. 1138, 1146-47, 1150-51 (W.D.Tex.1993) (IRS located 2,167 pages of responsive records before claiming, in a Vaughn index, that certain records were exempted return information).

. Plaintiffs requested “a complete copy set of all documents associated with the IRS handling of US WEST's submission in 1996 re-suiting in the IRS Compliance Statement, plus all other associated records in the agency's file.” Aplt.App. 112.