986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nancy L. TRENERRY, Plaintiff-Appellant,
v.
DEPARTMENT OF TREASURY; Internal Revenue Service,
Defendants-Appellees.
 No. 92-5053.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 1
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 LEWIS T. BABCOCK, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Nancy L. Trenerry appeals the district court's grant of summary judgment in favor of the Internal Revenue Service on all of her claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. We affirm in part, reverse in part, and remand for further proceedings.
 
 
 6
 Trenerry's complaint asserted that IRS wrongfully withheld documents she sought under ten FOIA requests, which her complaint categorized as ten separate causes of action. IRS filed a motion to dismiss or, in the alternative, for summary judgment, alleging that it had released all responsive documents to Trenerry, and that in any event she had failed to exhaust her administrative remedies for certain of her requests. In response, Trenerry contended that IRS had not provided her with all responsive documents for five of her ten requests, that she had exhausted all of her administrative remedies, and that IRS and its counsel should be sanctioned.
 
 
 7
 The district court treated IRS's motion as one for summary judgment and dismissed as moot the five causes of action for which Trenerry did not challenge IRS's motion (second, fourth, seventh, eighth, and ninth requests), concluding that IRS had provided her with all requested materials. The court then found that for the remaining five requests IRS either provided Trenerry with all requested documents or properly refused to conduct legal research to identify documents covered by Trenerry's requests. The court concluded that Trenerry did not raise a genuine issue of fact preventing summary judgment as to any of her ten causes of action. Because it found that IRS provided all requested documents to Trenerry, the court did not address whether Trenerry exhausted her administrative remedies.
 
 
 8
 On appeal, Trenerry contends that the district court incorrectly determined that there were no issues of fact as to whether IRS provided her with all documents requested by five of her requests, failed to conduct a de novo review of IRS's responses to her requests, and failed to award her costs as to the five causes of action she did not challenge.
 
 
 9
 Our initial inquiry is whether the district court had an adequate factual basis on which to base its decision. Anderson v. Department of Health & Human Servs., 907 F.2d 936, 942 (10th Cir.1990). Because the district court granted summary judgment in favor of a government agency, we review the court's conclusions de novo. Id. We first address the five causes of action on which Trenerry challenged whether IRS provided all documents she requested.
 
 
 10
 Trenerry's first request sought copies of "TRAINING 2236-01 (ADP & IDRS Training Instructor's Guide)" and "TRAINING 2236-02 (ADP & IDRS Student Training Course Book.)" Record, doc. 6, attach. A. The request further stated that "[i]f the above requested material has been renamed, renumbered or redesignated, please consider this request as seeking that information under its respective current name, number, form or system." Id. IRS sent her copies of the specifically requested documents dated July 1981 and told her there had been no "revisions or updates" to this material. Id., attach. I. IRS also informed her that "the training documents were created solely for support of collections ADP/IDRS training and the documents may or may not reflect current (or past) IRS procedures." Id.
 
 
 11
 Trenerry contends that what IRS sent her did not fulfill her request because what she was actually seeking was "current instructions to staff and current training material pertaining to ADP and IDRS training." Appellant's br. at 5. We agree with the district court that the materials IRS sent her satisfied her request. Her request was for specific documents and is not broadly drafted as she contends. IRS's obligation was to read Trenerry's request as drafted, not as she might have wished it were drafted. See Miller v. Casey, 730 F.2d 773, 776-77 (D.C.Cir.1984).
 
 
 12
 Trenerry's third request sought numerical and subject indices for each part, chapter and handbook, including ADP handbooks, for the Internal Revenue Manual. IRS contended in its motion, supported by the declaration of Gerard Gallick, that it provided Trenerry with cumulative indices for the Internal Revenue Manual and other responsive documents and that these documents met Trenerry's request. Trenerry responded with her declaration listing thirty indices or parts of indices that she claimed she had either not received, were obsolete, or were illegible. The district court found that Trenerry had failed to present any evidence to dispute Gallick's declaration and that IRS had provided her with all requested indices.
 
 
 13
 On the record before us, we cannot agree with the district court that there are no issues of fact as to whether IRS satisfied Trenerry's third request. The Eighth Circuit has well summarized the law regarding an agency's burden in seeking summary judgment in a FOIA case:
 
 
 14
 Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester. Weisberg v. U.S. Department of Justice, 705 F.2d 1344, 1350 (D.C.Cir.1983). In order to discharge this burden, the agency "must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." National Cable Television Ass'n, Inc. v. Federal Communications Comm'n, 479 F.2d 183, 186 (D.C.Cir.1973). The adequacy of an agency's search for requested documents is judged by a standard of reasonableness, i.e., "the agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg, 705 F.2d at 1351. But the search need only be reasonable; it does not have to be exhaustive. See, e.g., Shaw v. U.S. Department of State, 559 F.Supp. 1053, 1057 (D.D.C.1983). An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith. Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C.Cir.1978) cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).
 
 
 15
 Miller v. United States Dep't of State, 779 F.2d 1378, 1382-83 (8th Cir.1985).
 
 
 16
 Trenerry's contentions that she did not receive all of the indices she requested and that some of the ones she did receive were obsolete raised questions of fact concerning whether IRS fully complied with her request. IRS's motion and supporting evidence did not resolve these questions. Gallick's declaration lists various documents that IRS provided to Trenerry and states that certain documents were provided to her in response to an interrogatory she had earlier submitted indicating lack of receipt or legibility of certain documents. But that declaration generally does not address any of the questions Trenerry raised in her declaration. Gallick's declaration is nondetailed and conclusory and does not give any information by which we can judge the adequacy of IRS's search for responsive documents or whether IRS produced all responsive documents. Though the information IRS provided Trenerry may well have fully responded to her request, the record is not sufficient to resolve this issue on summary judgment. The district court's grant of summary judgment on Trenerry's third cause of action is therefore reversed.
 
 
 17
 In her fifth and sixth requests, Trenerry sought all IRS Internal Management Documents concerning the preparation, processing, and filing of substitutes for returns, both in general and for the ones prepared for her in particular. She also requested documents showing all delegations of authority by which IRS administers the Internal Revenue Code. IRS refused to provide these documents on the basis that her request asked legal questions and would have required IRS to perform legal research to respond. The district court agreed with IRS. It stated that to fully comply with Trenerry's request,
 
 
 18
 the IRS would have been required to research which IMDs, rules, regulations, and delegations of authority for administering the Internal Revenue Code were applicable to any action the IRS took concerning [Trenerry's] 'substitute for returns.' The IRS is not required to provide [Trenerry] with personal services such as legal research.
 
 
 19
 Record, doc. 26 at 8.
 
 
 20
 We agree with the district court's general analysis. FOIA does not require IRS "to answer questions disguised as a FOIA request." Hudgins v. Internal Revenue Serv., 620 F.Supp. 19, 21 (D.D.C.1985), aff'd, 808 F.2d 137 (D.C.Cir.), cert. denied, 484 U.S. 803 (1987). Such questions are not "records" as that term is used in the FOIA. Id.; see also DiViaio v. Kelley, 571 F.2d 538, 542-43 (10th Cir.1978) (defining records under FOIA as "that which is written or transcribed to perpetuate knowledge or events" and finding agency not required to respond to FOIA requests for documents that actually seek "answers to interrogatories").
 
 
 21
 The district court was therefore correct in granting summary judgment with respect to most of the items contained in Trenerry's fifth and sixth requests. However, two of the items in Trenerry's sixth request do not fall in this category of "non-record" requests and appear to ask for specific documents. These two items request the following:
 
 
 22
 8. A copy of the determination by the Secretary or his properly delegated authority that I had 'income which was taxable.'; ...
 
 
 23
 10. A copy of the Notice(s) that were sent to me prior to the 'Exam' determination that 'substitute for returns' were to be made in my name for the years 1981, 1982, 1983, 1984, 1985 and 1986[.]
 
 
 24
 Record, doc. 6, attach. LL. Neither IRS nor the district court addressed these two specific items nor stated why there was an absence of a factual issue concerning IRS's response to these items. Therefore, summary judgment is reversed as to these two items only and affirmed as to the others in the fifth and sixth requests.
 
 
 25
 In her tenth request, Trenerry sought for the years 1981 to 1988, and for her in particular, copies of the records of assessment pursuant to 26 U.S.C. § 6203, the summary records of assessment signed by the assessment officer with the supporting records pursuant to 26 C.F.R. § 301.6203-1, and the delegations of assessment authority and redelegations applicable to the assessment records. The Gallick declaration supporting IRS's motion stated that IRS fully complied with Trenerry's request by providing her with "Forms 4340 for tax years 1981 and 1982; Form 23C for tax year 1981 ...; Form 23C for tax year 1982 ...; Delegation Orders numbers AUSC 49 and AUSC 59 relating to the preparation of Forms 4340 and 23C; and an Individual Master File Transcript (IMF) for tax years 1981 through 1988." Record, doc. 13, Gallick Declaration at 9. The district court agreed that these documents satisfied Trenerry's request. The district court determined that her arguments to the contrary went to whether the documents satisfied the requirements of the appropriate statutes, and it held that Forms 4340 and 23C met the statutory requirements, citing United States v. Chila, 871 F.2d 1015, 1017 (11th Cir.), cert. denied, 493 U.S. 975 (1989).
 
 
 26
 We have a more fundamental problem with the response to this request than whether the documents met the statutory requirements because based on the record before us, we cannot determine whether the documents generally satisfied Trenerry's request. Again, the problem stems from the nondetailed, conclusory Gallick declaration. See Anderson, 907 F.2d at 942 (conclusory affidavits frustrate court's review of whether agency complied with request). Nowhere in his declaration does Mr. Gallick discuss the search IRS undertook in response to Trenerry's request, much less show that it was reasonable, nor does he state that the documents provided were all of the documents discovered as a result of that search. We agree with Trenerry that the document IRS says is a Form 23C that satisfies part of her request does not indicate on it that it is a Form 23C; instead, it is identified as a "RACS REPORT-006, Summary Record of Assessment." Moreover, IRS never addressed Trenerry's request for records supporting the summary assessment. While the Chila case indicates that a "Certificate of Assessments and Payments," which is Form 4340's title, is a supporting record to the summary assessment, it also indicates that something called an "account card" is another supporting record. Chila, 871 F.2d at 1017. Finally, the declaration does not state that the delegations of authority provided fully respond to the request. As a result, we cannot conclude that IRS met its burden of proving there are no factual issues as to whether it fully responded to Trenerry's request. We therefore reverse its grant of summary judgment with respect to the tenth cause of action.
 
 
 27
 Trenerry also contends that the district court erred by failing to conduct a de novo review of IRS's response to her requests and by not permitting Trenerry to take discovery before granting IRS's motion. Trenerry is correct that a district court is required to review an agency's actions de novo, and the burden is on the agency to prove its actions complied with FOIA, 5 U.S.C. § 552(a)(4)(B); see also DeSalvo v. Internal Revenue Serv., 861 F.2d 1217, 1221 (10th Cir.1988). In its order, the district court did use the phrase "arbitrary and capricious," implying it was applying a more restricted standard of review. Cf. DeSalvo, 861 F.2d at 1218-19. However, reviewing the entire order clearly reveals that the court performed a de novo review and correctly placed the burden on IRS.
 
 
 28
 We also find no error in the district court's refusal to allow Trenerry to take discovery, at least with respect to the requests on which we have affirmed the court's summary judgment grant. A district court "has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case." Simmons v. United States Dep't of Justice, 796 F.2d 709, 711-12 (4th Cir.1986) (citing Goland, 607 F.2d at 352); see also Nolan v. United States Dep't of Justice, 973 F.2d 843, 849 (10th Cir.1992) (court has broad discretion in controlling discovery process). On remand, the district court again has the discretion to determine whether discovery is appropriate.
 
 
 29
 Finally, Trenerry claims that the district court should have awarded her costs on the five causes of action she did not challenge on the basis she substantially prevailed on these claims. She also asserts that the district court failed to address her claim for cost refunds under her first and tenth requests and incorrectly levied costs against her in its January 9, 1992, judgment.
 
 
 30
 A court has discretion to assess reasonable litigation costs against a government agency where the FOIA plaintiff substantially prevails. See 5 U.S.C. § 552(a)(4)(E); Aviation Data Serv. v. Federal Aviation Admin., 687 F.2d 1319, 1321 (10th Cir.1982). The fact that Trenerry did not obtain an order directing IRS to release documents pursuant to her request because IRS eventually released the responsive documents does not prohibit her from recovery. A FOIA plaintiff is not barred from recovering litigation fees and costs "because the government acts to moot his claim before judgment is entered in his suit." Nationwide Bldg. Maintenance, Inc. v. Sampson, 559 F.2d 704, 709-10 (D.C.Cir.1977); accord Vermont Low Income Advocacy Council, Inc. v. Usery, 546 F.2d 509, 513 (2d Cir.1976); Crooker v. United States Dep't of Justice, 632 F.2d 916, 919 (1st Cir.1980); Stein v. Dep't of Justice, 662 F.2d 1245, 1262 (7th Cir.1981).
 
 
 31
 If the government could avoid liability for fees merely b[y] conceding the case before final judgment, the impact of the fee provision would be greatly reduced. The government would remain free to assert boilerplate defenses, and private parties who served the public interest by enforcing the Act's mandates would be deprived of compensation for the undertaking. Thus, a general bar to awards of fees in cases resolved before final judgment cannot be accepted by the court.
 
 
 32
 Nationwide Bldg. Maintenance, 559 F.2d at 710 (citation omitted).
 
 
 33
 Eligibility to recover litigation costs does not mean Trenerry is entitled to such an award. A FOIA plaintiff must show that prosecution of the action was reasonably necessary to obtain the information and that there is a causal relationship between the action and the agency's release of information. Public Law Educ. Inst. v. United States Dep't of Justice, 744 F.2d 181, 183 (D.C.Cir.1984). In addition, in exercising its discretion to award litigation costs, a court "should consider four factors or criteria as guidelines ...: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought and (4) whether the government's withholding of the records had a reasonable basis in the law." Aviation Data Serv., 687 F.2d at 1321.
 
 
 34
 In its order granting summary judgment, the district court did not address either Trenerry's claim for costs pursuant to 5 U.S.C. § 552(a)(4)(E) or her claim for refunds. Because we are remanding this case for further proceedings, we need not address these claims now. Trenerry may re-raise these claims with the district court.
 
 
 35
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this order and judgment.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3