978 F.Supp. 955 (1997)
PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY ("PEER"), ROCKY MOUNTAIN CHAPTER, Plaintiff,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant.
Civil Action No. 96-N-2727.
United States District Court, D. Colorado.
August 7, 1997.
*956 *957 *958 Jacqueline P. Taylor, Bruce J. Pederson, Pederson & Taylor, Denver, CO, for Plaintiff.
Robert D. Clark, Asst. U.S. Atty., for Defendant.

ORDER AND MEMORANDUM OF DECISION
NOTTINGHAM, District Judge.
This case arises out of a Freedom of Information Act [hereinafter "FOIA"] request which Plaintiff Public Employees For Environmental Responsibility, Rocky Mountain Chapter, made of Defendant United States Environmental Protection Agency [hereinafter "EPA"]. Plaintiff claims defendant improperly withheld certain documents encompassed in its FOIA request. The matter is before the court on (1) "Plaintiff's Motion for Summary Judgment" filed April 25, 1997, and (2) "[Defendant's] Second Amended Motion for Summary Judgment" filed May 12, 1997.[1] Jurisdiction is based on 5 U.S.C.A. § 552(a)(4)(B) (West 1996 & Supp.1997).

FACTS
On May 17, 1996, plaintiff made a written FOIA request of defendant, pursuant to 5 U.S.C.A. § 552(a)(3) (West 1996 & Supp. 1997), seeking "[t]he [EPA's] Office of Inspector General (OIG) Investigations manual, as well as all other documents setting forth, governing, or related to the internal rules, policies and procedures the EPA's OIG employs, follows, or is bound by in conducting any EPA OIG investigation." (Compl. for Relief Under the Freedom of Information Act ¶ 7, Ex. I [FOIA Request Letter of May 17, 1996] [filed Nov. 25, 1996] [hereinafter "Compl."]; admitted at Answer ¶ 6 [filed Jan. 6, 1997].) On June 20, 1996, defendant provided selected portions of documents to plaintiff ([Def's] Second Am. Mot. for Summ. J., Statement of Undisputed Material Facts ¶ 3 [filed May 12, 1997] [hereinafter "Def's Br."]; admitted at Pl.'s Reply Br. Regarding The Parties' Mots. for Summ. J., Resp. to EPA's Statement of Undisputed Material Facts ¶ 3 [filed May 23, 1997] [hereinafter "Pl.'s Reply"].) Defendant withheld the remainder of materials covered by plaintiff's FOIA request on the ground that a FOIA statutory exemption  exemption 7(E)  protected them from disclosure. (Br. in Supp. of Pl.'s Mot. for Summ. J., Statement of Undisputed Facts ¶ 7 [filed Apr. 25, 1997] [hereinafter "Pl.'s Br."].) On July 21, 1996, plaintiff filed a FOIA appeal with defendant. (Def's Br., Statement of Undisputed Material Facts ¶ 5; admitted at Pl.'s Reply, Resp. to EPA's Statement of Undisputed Material Facts ¶ 5.) To date, defendant has not made a determination on plaintiff's appeal. (Pl.'s Br., Statement of Undisputed Material Facts ¶ 5.)
On November 26, 1996, plaintiff filed a complaint in this court alleging a FOIA violation. (Compl.) On March 7, 1997, defendant filed a Vaughn index of withheld documents and a declaration by Allen P. Fallin, Assistant Inspector General for Investigations in the OIG, describing the documents and the reason(s) defendant withheld each. (Vaughn Index of Documents Withheld Pursuant to Exemption (7)(E) of FOIA, Attach. [Fallin Decl.] [filed Mar. 7, 1997] [hereinafter "Vaughn Index"].) On March 12, 1997, defendant released additional documents to plaintiff. (Def's Br., Statement of Undisputed Material Facts ¶ 8, Ex. D [letter from *959 Def's counsel to Pl.'s counsel of 3/12/97 (describing release of "redacted Section 5 of Chapter 205 of the OIG Manual")]; admitted at Pl.'s Reply, Resp. to EPA's Statement of Undisputed Material Facts ¶ 8.)
On April 25, 1997, plaintiff moved for summary judgment. (Pl.'s Mot. for Summ. J. [filed Apr. 25, 1997].) On May 2, 1997, defendant filed with the court the "full, unredacted version of the responsive documents." (Def's Br., Statement of Undisputed Material Facts ¶ 10; admitted at Pl.'s Reply, Resp. to EPA's Statement of Undisputed Material Facts ¶ 10.) On May 12, 1997, defendant moved for summary judgment. (Def.'s Br.) Attached to defendant's summary-judgment brief is a supplemental declaration of Allen P. Fallin discussing the withheld documents and the applicability of the 7(E) exemption thereto. (Id., Ex. C [Fallin Supplemental Decl.].) The parties agree that the case is ripe for judicial determination. (Pl.'s Br., Statement of Undisputed Material Facts ¶ 6; Answer ¶¶ 18, 20.) According to plaintiff, defendant fails to carry its burden of justifying application of exemption 7(E), and, even if defendant may properly withhold certain portions of documents pursuant to that exemption, defendant has failed to segregate that material. Defendant argues that it properly withheld the documents at issue because disclosure would reveal law enforcement techniques which would likely result in circumvention of the law. Defendant further argues that portions of the OIG manual have been rescinded and are thus beyond the scope of plaintiff's FOIA request.

ANALYSIS

1. Legal Standard
Under rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Concrete Works of Colorado, Inc. v. City and County of Denver, 36 F.3d 1513, 1517 (10th Cir.1994), cert. denied, 514 U.S. 1004, 115 S.Ct. 1315, 131 L.Ed.2d 196 (1995). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." Concrete Works, Inc., 36 F.3d at 1518 (citing Celotex Corp., 477 U.S. at 325, 106 S.Ct. at 2554). The nonmoving party may not rest solely on the allegations in that party's own pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324, 106 S.Ct. at 2553; Fed.R.Civ.P. 56(e). Only admissible evidence may be considered when ruling on a summary judgment motion. See World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir.1985). The factual record must be viewed in the light most favorable to the nonmoving party. Concrete Works, Inc., 36 F.3d at 1518 (citing Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 [10th Cir.1990]). FOIA claims are typically resolved on summary judgment, provided the above standard is satisfied. See KTVY-TV v. United States, 919 F.2d 1465, 1468 (10th Cir.1990). A FOIA defendant may prevail on a motion for summary judgment where it proves that the documents within the FOIA request have been produced or fall within a statutory exemption. See Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir.1994); Trenerry v. Dep't of Treasury, 986 F.2d 1430 (table), No. 92-5053, 1993 WL 26813, at *2 (10th Cir. Feb.5, 1993) (unpublished opinion) (citing Miller v. United States Dep't of State, 779 F.2d 1378, 1382-83 [8th Cir.1985]).

2. FOIA & Statutory Exemptions
FOIA provides the public with a right of access to federal agency records. See 5 U.S.C.A. § 552(a) (West 1996 & Supp. 1997). This right is subject to nine exemptions listed in the statute. See 5 U.S.C.A. § 552(b) (West 1996 & Supp.1997). Generally, courts liberally construe FOIA in favor of *960 disclosure. Anderson v. Department of Health and Human Servs., 907 F.2d 936, 941 (10th Cir.1990). The government agency therefore bears the burden of justifying its decision to withhold documents. Johnson v. United States Dep't of Justice, 739 F.2d 1514, 1516 (10th Cir.1984). A court reviews de novo an agency's decision to withhold requested information. Anderson, 907 F.2d at 941. "The district court must determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts." Id.
Courts use a Vaughn index to aid review in FOIA cases. This is "a compilation prepared by the government agency ... listing each of the withheld documents and explaining the asserted reason for its nondisclosure." Id. at 940 n. 3 (citing Vaughn v. Rosen, 484 F.2d 820 [D.C.Cir.1973]). A Vaughn index must be adequately detailed to permit the court to determine whether a sufficient factual basis exists to support the agency's refusal to disclose the information at issue. Id. at 942. If the government agency's Vaughn index and affidavits are reasonably clear, specific, and detailed, the court normally affords agency determinations substantial weight. See Gardels v. Central Intelligence Agency, 689 F.2d 1100, 1104-05 (D.C.Cir. 1982); Hayden v. National Security Agency/Central Security Serv., 608 F.2d 1381, 1387 (D.C.Cir.1979). An agency may not, however, rely on documents which provide insufficient detail, lack specificity, and offer only conclusory statements. See Anderson, 907 F.2d at 942; see also PHE, Inc. v. Department of Justice, 983 F.2d 248, 250 (D.C.Cir.1993) ("[A]n affidavit that contains merely a `categorical description of redacted materials coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate.'") (quoting King v. United States, 830 F.2d 210, 217 [D.C.Cir.1987]); Hayden, 608 F.2d at 1387 ("The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping."). An affidavit should demonstrate logically how the release of specific information might create a risk of circumvention of law. See PHE, Inc., 983 F.2d at 251 (illustrating by example that an adequate affidavit would demonstrate that release of law enforcement "guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts"). Confronted with inadequate Vaughn material, a court may engage in an in camera review of the withheld documents to determine what must be disclosed and what the agency has properly withheld. Anderson, 907 F.2d at 942.

a. Exemptions 7(E) & 7(F)[2]
The statue protects from disclosure
[M]atters that are 
. . .
(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual[.]
5 U.S.C.A. § 552(b)(7)(E), 7(F) (West 1996). Because the parties agree that the documents at issue were created for law enforcement purposes, (Def's Br., Statement of Undisputed Material Facts ¶ 12; admitted at Pl.'s Reply, Resp. to EPA's Statement of Undisputed Material Facts ¶ 12), the question is whether production of the information would disclose techniques and procedures for law enforcement investigations which would reasonably be expected to risk circumvention of the law or endanger the life or safety of *961 any individual. In accordance with the legislative history of exemption 7(E), courts have construed the exemption to apply only to techniques and procedures generally unknown to the public. Hale v. United States Dep't of Justice, 973 F.2d 894, 902 (10th Cir.1992). If, however, disclosure of techniques known to the public could interfere with their effectiveness, then the exemption applies to protect that information as well. Id. at 902-03. Exemption 7(F) is interpreted as written and thus applies to any individual, including law enforcement officials, witnesses, and confidential informants. See Foster v. United States Dep't of Justice, 933 F.Supp. 687, 693 (E.D.Mich.1996); Durham v. United States Dep't of Justice, 829 F.Supp. 428, 434 (D.D.C.1993); Manna v. United States Dep't of Justice, 815 F.Supp. 798, 810 (D.N.J.1993), aff'd 51 F.3d 1158 (3d Cir.), cert. denied ___ U.S. ___, 116 S.Ct. 477, 133 L.Ed.2d 405 (1995).

3. Plaintiff's FOIA Request & Defendant's Response

a. Sufficiency of Defendant's Vaughn Index and Affidavits
The defendant's Vaughn index and declarations provide the court with minimal, but passable, specificity regarding the content of the withheld material. Defendant's Vaughn index and declarations fail, however, to provide sufficient detail regarding the applicability of any FOIA exemptions to the information contained therein. (See Vaughn Index, Attach. [Fallin Decl]; Def's Br., Ex. C [Fallin Supplemental Decl.].) The declarations make conclusory statements that disclosure of the withheld information would reveal guidelines for law enforcement investigations that could reasonably be expected to risk circumvention of the law and/or would disclose techniques and procedures not generally known to the public. Such conclusory mimicry of the statutory language fails to demonstrate a logical basis for the defendant's claim that the harms against which the statutory exemptions seek to protect will likely occur. See The Albuquerque Publ'g Co. v. United States Dep't of Justice, 726 F.Supp. 851, 857 & n. 9 (D.D.C.1989) (rejecting as insufficient similar conclusory affidavit statements). Defendant's supplemental declaration exhibits the additional infirmity of failing to specify to which documents or portions of documents it applies. Further, in making the conclusory statements the defendant's declarant largely parrots the language and analysis of two unpublished opinions on which defendant relies in making its argument for summary judgment. (See Def's Br., Ex. C [Fallin Supplemental Dec.], Ex. E [Hassan v. FBI, Civil Action No. 91-2189, slip op. (D.D.C. July 13, 1992) ], Ex. F [Gonzales v. United States Dep't of Justice, Civil Action No. 88-0913, slip op. (D.D.C. Jan. 11, 1989)].)
Thus, I conclude that the defendant's Vaughn index and declarations supporting application of exemption 7(E) fail to provide the court with an adequate factual basis to determine that defendant properly withheld the documents at issue. Accordingly, pursuant to the authority provided in 5 U.S.C.A. § 552(a)(4)(B), the court will review the withheld materials in camera and consider them in light of the statute's presumption in favor of disclosure.

b. In Camera Review

i. Chapter 201  General Investigative Procedures
Defendant claims that disclosure of sections 1-2 and 1-3, which discuss use of search warrants and firearms, would risk circumvention of the law and pose a risk to investigators. I disagree. The material contained in those sections does not provide potential violators with information which aids in circumvention of the law, nor would disclosure pose a risk to investigators. Defendant improperly withheld the sections 1-2 and 1-3. Section 4-5 discusses information related to protection of confidential sources' identity. Contrary to defendant's claim, disclosure of the information which defendant withheld would not create a risk of circumvention of the law, nor would it pose a threat to the safety of confidential sources. The information withheld summarizes the process of keeping confidential sources confidential, but does not create a reasonable risk of circumvention of the law or pose a risk to the safety of confidential sources. Thus, defendant *962 improperly withheld the information in section 4-5.
According to defendant, sections 7-1 and 7-2 discuss "one particular investigative technique and implementing procedures used by the OIG that are not generally known to the public, and would disclose guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach. [Fallin Decl: ¶ 7].) Based on my in camera review, I conclude that defendant improperly withheld sections 7-1 and 7-2. The sections discuss the use of a technique known as a mail cover. Such a technique is commonly known and therefore not properly withheld under exemption 7(E). See Wilkinson v. FBI, 633 F.Supp. 336, 349 n. 25 (C.D.Cal.1986) (noting that mail covers are not within the scope of exemption 7[E]) (citing Dunaway v. Webster, 519 F.Supp. 1059, 1083 [N.D.Cal.1981]). Accordingly, defendant shall disclose sections 7-1 and 7-2, the portion of the table of contents referencing those sections, and the index material referencing the mail cover technique.
With regard to the portions of appendix 3 which defendant withheld, I conclude, based on my in camera review, that such material is not likely to lead to a risk of circumvention of the law. The appendix materials provide examples of letters which, in part, explain reasons why United States attorneys might not pursue prosecution in various cases. The reasons are predictable and hardly of the sort that would assist potential law violators in circumventing the law. Accordingly, I conclude that defendant must disclose that information.
Further, in light of the court's conclusions regarding Chapter 201 information improperly withheld, defendant shall also provide the table of contents and index references to that material.

ii. Chapter 202  Administrative Operating Procedures
Defendant withheld portions of sections 3-1, 3-2, 3-3, 4-2, 4-8, 4-9, 5-2, and appendix 3, claiming that production would "disclose guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach [Fallin Decl. ¶ 8].) From my in camera review of the materials, I conclude that defendant properly invoked the 7(E) exemption to the materials in sections 3-1, 3-2, 3-3, 4-2, 4-8, 4-9, and appendix 3. Those materials address specific investigative steps and criteria on which defendant prioritizes investigations. Thus, disclosure of that information would allow potential law violators to tailor their actions so as to minimize detection and interfere with investigations into wrongdoing. With regard to the material in 5-2 (which discusses indexing and the use of indices in investigations), however, I conclude that the 7(E) exemption does not apply. Defendant shall disclose that material. I reach this conclusion based, in part, on defendant's disclosure of material discussing the indexing system and its design as a rapid information retrieval system. The information withheld relates to investigative agent access to the index database. Given that defendant has already disclosed the existence of the system, I conclude that disclosure of information related to agent access for searches of the database creates no reasonable risk of circumvention of the law.

iii. Chapter 204  Handling Physical and Documentary Evidence
Defendant withheld sections 2-4, 2-8, 2-11 and index references to the material contained within those sections on the ground that disclosure would reveal "investigative techniques and procedures used by OIG that are not generally known to the public, and would disclose guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach. [Fallin Decl. ¶ 9].) I conclude that defendant properly withheld the material in sections 2-4 and 2-8. The material in section 2-11 and the index references, however, do not fall within the 7(E) exemption. Defendant must disclose those materials. The existence of the types of evidence revealed by section 2-11 and the index  audio and videotapes, including those obtained from surveillance  are generally known to the public. See The Albuquerque Publ'g Co., 726 *963 F.Supp. at 857-58. Further, the material in the chapter which defendant already provided as part of plaintiff's FOIA request includes references to these types of evidence.

iv. Chapter 205  Interviews, Warnings, and Statements
Defendant withheld portions of sections 2-3, 5-1, 5-2, 5-3, 5-6, the table of contents, and the index on the grounds that disclosure would reveal "guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Vaughn Index [Fallin Decl. ¶ 10].) Based on my in camera review, I conclude that defendant properly withheld the material in these sections. The information contained in those sections covers specific techniques and considerations related to statements. Disclosure of that information could permit potential wrongdoers to interfere with defendant's ability to obtain and use statements effectively and could thus risk circumvention of the law.

v. Chapter 206  Reports of Investigations
Defendant withheld portions of sections 3-1.6, 3-2, and the index on the grounds that disclosure would reveal "guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach. [Fallin Decl. ¶ 11].) Based on my in camera review, I conclude that defendant properly withheld the material in section 3-1.6 and the index references thereto. Those materials discuss investigative steps, disclosure of which could permit potential wrongdoers to tamper with the investigative process and thus risk circumvention of the law. The material in section 3-2 does not, however, fall within the section 7(E) exemption and should be disclosed. The material discusses coding of confidential sources but does so without alerting the reader how to decipher the code. Thus, section 3-2 does not reveal any information which could reasonably be expected to risk circumvention of the law.

vi. Chapter 209  Consensual Interception of Communications
Except for the transmittal page, defendant withheld Chapter 209 in its entirety, claiming that it contained "sensitive investigative techniques and procedures used by the OIG that are not generally known to the public, and would disclose guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law and cause harm to OIG investigators and others." (Vaughn Index, Attach. [Fallin Decl. ¶ 12].) My in camera review of the material indicates that defendant improperly withheld the entire chapter. Chapter 209 discusses procedures for interception of wire, oral, and electronic communications. Specifically, the chapter covers the purpose of such surveillance techniques, the permissible uses of information obtained through such surveillance, and the proper procedure for obtaining approvals to intercept communications, tracking interceptions, and reporting requirements. The information does not illustrate uses of these techniques in ways which are unknown to the public, nor does the chapter discuss details of particular investigations or how the techniques are employed. Interception of wire, oral, and electronic communications are commonly known methods of law enforcement. See The Albuquerque Publ'g Co., 726 F.Supp. at 857-58 (noting the public's familiarity with use of wired informants, "bugs," eavesdropping, wiretapping, and surreptitious tape recording in the course of criminal investigations and concluding that the Government improperly withheld information concerning such methods). Further, from my review, I conclude that the production of the information in Chapter 209 would not reasonably create a risk of circumvention of the law. The chapter does not indicate how a person under investigation might detect or interfere with the methods described therein. I therefore conclude that exemption 7(E) does not apply. Finally, nothing in Chapter 209 provides information on how to identify participants in interception of communications or otherwise indicates that disclosure of the information would risk harm to individuals. I therefore conclude that exemption 7(F) does *964 not apply. Accordingly, defendant must disclose the information in Chapter 209.

vii. Chapter 211  Deputation as Special Deputy United States Marshal and Firearms Policy
Defendant withheld portions of sections 1-2, 2-1 to 2-5, 3-1, 3-2, 4-1 to 4-16, appendices 1 to 4, the table of contents, the index, and the transmittal sheet on the grounds that disclosure would reveal "guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law and cause harm to OIG investigators and others." (Vaughn Index [Fallin Decl. ¶ 13].) Based on my in camera review, I conclude that defendant improperly withheld the material in sections 1-2, 2-1 to 2-5, 3-1, 3-2, 4-1, 4-9, 4-10.a., 4-10.c., 4-10.e., appendices 2, 3, and 4, the table of contents, and the index. The information contained therein  a general discussion of procedures for approval of agent deputation as special United States Marshals and procedures for firearms use  will not lead to circumvention of the law or create a risk of harm to investigators or others. Neither exemption 7(E) or 7(F) applies, and therefore defendant must disclose the material. The material on the transmittal sheet, sections 4-2 to 4-8, 4-10.b., 4-10.d., 4-11 to 4-16, and appendix 1 are exempt from disclosure pursuant to exemptions 7(E) and 7(F).

viii. Staff Memorandum 91-01-2: Evaluating Complaints and/or Requests for Investigation, Dated September 30, 1991
Defendant has withheld portions of items 3.b., 3.e., 3.f, 3.g., 3.h., 3.i., and a section entitled "CASE PRIORITY," arguing that disclosure would reveal "guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach. [Fallin Decl. ¶ 14].) Based on my in camera review, I conclude that defendant properly withheld the information in question. Generally, those sections discuss referrals of investigations to other entities either within the EPA or elsewhere in the Government. Exemption 7(E) applies to the materials withheld because that information, if disclosed, could reasonably risk circumvention of the law by alerting potential law violators to ways of structuring their endeavors so as to minimize the risk of detection and investigation. It also alerts them to circumstances which may trigger criminal investigation. Defendant need not disclose that information.

ix. Memorandum Re: OIG Preappointment Investigations, Dated January 6, 1992
Defendant redacted a portion of this one-page memorandum on the ground that the information describes investigative steps pursued by the OIG, disclosure of which would reveal "guidelines for law enforcement investigations or prosecutions that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach. [Fallin Decl. ¶ 15].) Based on my in camera review, I conclude that defendant properly withheld the information as exempt under 7(E).

x. Memorandum Re: Prosecutive Opinions, Dated February 25, 1993
Defendant redacted a portion of this one page memorandum on the grounds that the information describes interactions between investigators and prosecutors, disclosure of which would reveal "guidelines for law enforcement investigations or prosecution that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach. [Fallin Decl. ¶ 16].) My in camera review leads me to conclude that defendant improperly withheld the information. The memorandum discusses the need to contact Assistant United States Attorneys directly, as opposed to intermediaries, regarding the viability of prosecuting alleged wrongdoing. The information, if disclosed, would not reasonably risk circumvention of the law. Thus, exemption 7(E) does not apply, Accordingly, defendant must disclose the memorandum in full.

xi. Memorandum Re: Requests for Deputation of Special Agents, Dated March 17, 1993
Defendant redacted a portion of this two-page memorandum on the ground that *965 the information describes "the specific steps to be followed in requests for deputation" and disclosure would reveal "guidelines for law enforcement investigations or prosecution that could reasonably be expected to risk circumvention of the law and cause harm to OIG investigators." (Vaughn Index, Attach. [Fallin Decl. ¶ 17].) Based on my in camera review, I conclude that defendant improperly withheld the information. Exemption 7(E) does not apply as the information, if disclosed, would not reasonably risk circumvention of the law. Further, exemption 7(F) does not apply to this information because disclosure thereof would not cause harm to OIG investigators. Accordingly, defendant must disclose the memorandum in full.

xii. Memorandum Re: Processing of Referrals from Personnel Security Falsification of SF-171s and/or SF-85s, Dated May 19, 1993
Defendant withholds a portion of this one-page memorandum on the grounds that it "describes steps for expediting the processing of referrals to prosecutors" disclosure of which would reveal "guidelines for law enforcement investigations or prosecution that could reasonably be expected to risk circumvention of the law." (Vaughn Index, Attach. [Fallin Decl. ¶ 18].) Based on my in camera review of the information, I conclude that exemption 7(E) does not prevent disclosure of the information withheld. Nothing contained in the redacted portions creates a reasonable risk of circumvention of the law if disclosed. Accordingly, defendant shall disclose the memorandum in full.

xiii. Memorandum Re: Resolution 14/Policy Statement & Commentary, Dated November 28, 1995
Defendant withheld a portion of the OIG cover memorandum on the ground that disclosure would reveal "guidelines for law enforcement investigations or prosecution that could reasonably be expected to risk circumvention of the law and cause harm to OIG investigators." (Vaughn Index, Attach. [Fallin Decl. ¶ 19].) Based on my in camera review, I conclude that neither exemption 7(E) nor exemption 7(F) protect the withheld material from disclosure. Nothing contained in the information creates a risk of circumvention of the law or creates a risk to OIG investigators. Accordingly, defendant shall disclose the memorandum in full.

c. Rescinded InformationScope of Request
Defendant maintains that three chapters of withheld information  Chapter 203 "Law and Evidence" rescinded May 9, 1996, Chapter 207 "Sources of Information" rescinded April 19, 1996; and Chapter 208 "Federal Court Procedures" rescinded April 19, 1996  which were rescinded before plaintiff submitted its FOIA request, need not be disclosed as they are not responsive to plaintiff's FOIA request. (See Vaughn Index, Attach. [Fallin Decl. at 3 n. 1].) Plaintiff does not dispute that those chapters had been rescinded when it made its May 17, 1996, FOIA request.[3] According to plaintiff, however, defendant improperly withheld those three chapters because plaintiff seeks "disclosure of all responsive material whether or not it was in effect at the time its FOIA request was sent to [defendant] in May of 1996." (Pl.'s Br. at 11.)
FOIA requires a government agency to disclose documents "upon any request for records which reasonably describes such records." 5 U.S.C.A. § 552(a)(3). In determining what falls within the scope of a request, the agency reads the request as drafted. See Miller v. Casey, 730 F.2d 773, 777 (D.C.Cir. 1984). Although plaintiff maintains that it made a broad request which encompasses rescinded chapters of the OIG manual, the plain language of plaintiff's request contradicts that assertion. Plaintiff's request sought the "[OIG] Investigations manual, as well as all other documents setting forth governing, or related to the internal rules, policies and procedures the EPA's OIG employs, *966 follows, or is bound by in conducting any EPA OIG investigation." (Compl., Ex. 1 [FOIA Request Letter of 5/17/96 (emphasis supplied)].) Further, plaintiff's request discussed the public interest in "understand[ing] how such EPA investigations are handled by the OIG and what rules, policies and procedures are currently followed by the OIG." (Id., Ex. 1 [FOIA Request Letter of 5/17/96 (emphasis supplied) ].) Based on the language of plaintiff's FOIA request, I conclude that defendant properly declined to consider rescinded OIG manual chapters. See Miller, 730 F.2d at 777 ("The agency was bound to read [the FOIA request] as drafted, not as [the requestor] might wish it was drafted."). Defendant need not produce these materials.

4. Conclusion
Based on the foregoing, it is therefore
ORDERED as follows:
1. Plaintiff's summary-judgment motion is GRANTED in part and DENIED in part. It is GRANTED insofar as defendant must disclose the materials listed below and DENIED insofar as defendant need not disclose the materials listed below.
2. Defendant's summary-judgment motion is GRANTED in part and DENIED in part. It is GRANTED insofar as it need not disclose the materials listed below and DENIED insofar as it must disclose the materials listed below.
3. Defendant must disclose the following material: Chapter 201 sections 1-2, 1-3, 4-5, 7-1, 7-2, appendix 3, the table of contents, and the index, Chapter 202 section 5-2; Chapter 204, section 2-11 and the index; Chapter 206 section 3-2; Chapter 209; Chapter 211 sections 1-2, 2-1 to 2-5, 3-1, 3-2, 4-1, 4-9, 4-10.a., 4-10.c., 4-10.e., appendices 2 to 4, the table of contents, and the index; Memorandum Re: Prosecutive Opinions; Memorandum Re: Requests for Deputation of Special Agents; Memorandum Re: Processing of Referrals from Personnel Security; and Memorandum Re: Resolution 14/Policy Statement & Commentary.
4. Defendant need not disclose the following material: Chapter 202 sections 3-1 to 3-3, 4-2, 4-8, 4-9, and appendix 3; Chapter 204 sections 2-4 and 2-8; Chapter 205 sections 2-3, 5-1 to 5-3, 5-6, the table of contents, and the index; Chapter 206 section 3-1.6 and the index; Chapter 211 transmittal sheet, sections 4-2 to 4-8, 4-10.b., 4-10.d., 4-11 to 4-16, and appendix 1; Staff Memorandum 91-01-2; Memorandum Re: OIG Preappointment Investigations; and rescinded Chapters 203, 207, and 208.
5. If plaintiff seeks attorney fees, it shall comply with rule 54 of the Federal Rules of Civil Procedure and file and serve a motion for attorney fees no later than fourteen days after entry of judgment. Defendant shall respond within eleven days after service of plaintiff's motion.
NOTES
[1] On March 14, 1997, the parties attended a status conference during which I ordered plaintiff to file an opening brief, defendant to file a response, and permitted plaintiff to file a reply brief thereafter. (Courtroom Mins. [filed Mar. 14, 1997].) Based on defendant's brief's caption and content, it appears that defendant has disregarded the court's order and filed a cross-motion for summary judgment. Although defendant responds to plaintiff's summary-judgment argument, it neglects, however, to comply with section VI(4) of this court's Hearing, Conference, and Trial Procedures in its brief by failing to respond to plaintiff's statements of undisputed material facts as required by this court. (See [Defendant's] Second Am. Mot. for Summ. J. [filed May 12, 1997]) Accordingly, to the extent plaintiff's assertions are supported by the record, I deem plaintiff's statements of undisputed material fact admitted for purposes of this order.
[2] Although defendant does not expressly invoke exemption 7(F) in its Vaughn index and accompanying declaration or in its summary-judgment brief, its materials suggest that, in addition to exemption 7(E), defendant seeks to withhold some documents on the basis of the 7(F) exemption.
[3] In addition to arguing that the rescinded chapters fall within the scope of its request, plaintiff suggests, without any factual support, that defendant still follows the rules contained therein. (Pl.'s Reply at 13.) Based on defendant's Vaughn index and declarations and absent any evidence to the contrary, I reject plaintiff's unsupported allegation.